EUGENIE CHAMBERS v. JOHN W. CHAMBERS.

169 So. 848.
Division B.
Opinion Filed September 30, 1936.

*John C. Sullivan,* for Appellant;
*Paul C. Taylor,* for Appellee.

BUFORD, J.—The appeal brings for review a final' decree in a suit which was instituted by the appellant under the provision of Section 3196 R. G. S., 4988 C. G. L., or 3197 R. G. S., 4989 C. G. L., for separate maintenance unconnected with divorce, and in which the respondent, appellee here, filed answer in which he prayed affirmative relief by way of divorce.

The final decree adjudicated the equities to be with the respondent, appellee here. It cancelled, annulled and dissolved the bonds of matrimony. It denied the relief prayed in the bill of complaint and dismissed the bill.

The complainant in the court below filed notice of appeal and assigned error. The appellee, respondent in the court below, filed cross assignments of error.

The record shows that the parties were married about June 5th, 1935, and separated in the latter part' of July in the same year. At the time of their marriage the appellant, complainant in the court below, was about fifty-nine (59) years of age and the appellee, defendant here, was seventy-one (71) years of age. They each appear to have been set in their ways and neither was willing to learn or adopt new habits and ways of living. Immediately after their marriage in Miami, Florida, they went to Laconia, New Hampshire. After they had been there about two weeks disagreements arose between them and from then on until they separated about the latter part of July there was considerable disagreement, quarreling and at least one fight. The evidence as to who was at fault is conflicting.

We think that the state of the record justifies the decree denying the complainant the relief prayed, but as we read

the record, there is not disclosed thereby substantial evidence to establish the existence of either the statutory grounds of divorce obtaining in this State and, therefore, the decree granting divorce to the appellee constituted error.

Therefore, the decree, insofar as it denied the relief prayed and dismissed the complainant's bill of complaint, should be affirmed, and insofar as it granted divorce to the defendant as affirmative relief should be reversed with directions that a decree be entered accordingly.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.